**AEROMOTIVE METAL PRODUCTS, INC., Appellant,**

v.

**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellee.**

**No. 17935.**

United States Court of Appeals Ninth Circuit.

Jan. 14, 1963.

George O. Bahrs and Robert J. Scolnik, San Francisco, Cal., for appellant.

Kenneth C. Robertson, Regional Atty., U. S. Dept. of Labor, San Francisco, Cal., Charles Donahue, Solicitor of Labor, Bessie Margolin, Associate Solicitor of Labor, Jacob I. Karro, Associate Solicitor of Labor, and Isabelle R. Cappello, Attorney, United States Department of Labor, Washington, D. C., for appellee.

Before POPE, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM.

Aeromotive Metal Products, Inc. appeals from a judgment in favor of the Secretary of Labor in an action brought under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. The judgment was on behalf of certain employees of appellant and is for unpaid wages and overtime compensation. The question is whether a fifteen minute mid-morning rest period must be counted as hours of employment and paid for as such.

The rest period involved was originally instituted at the request of the employees at appellant's Seattle, Washington plant in 1952. The year here involved is 1958–59. At the time that the employees involved were hired, they were given no choice as to whether to take the fifteen-minute uncompensated mid-morning rest period. It was a company rule that no productive work would be done during this period and that no employee would receive pay for this time.

The plant was located in the industrial part of Seattle and the nearest commercial area was not within a fifteen-minute walking distance. Occasionally, employees would do personal errands, but this was not easy to do, and their homes were not accessible to them within the fifteen-minute period. The majority of the employees spent the fifteen-minute period in the immediate vicinity of the plant, smoking, having refreshments, etc. The Court found that the employees were free to spend the fifteen-minute period in such activities as they might desire, provided they returned promptly at the end of the period. It was also found:

"The granting of such rest periods by employers to employees is a general practice in the industry. Actual production did not increase at the Seattle plant of the defendant after initiating the midmorning rest period nor were there any fewer mistakes nor was there any less absenteeism or employee turnover. The employees felt better after the rest period, and the granting of this rest period by defendant improved defendant's employer-employee relationships."

Among its conclusions of law is the following:

"The rest period of 15-minute duration was not under such conditions as would permit the employees to make beneficial personal use of this time. Such rest period was predominantly for the benefit of the employer."

Essentially, it is appellant's position that the Court's conclusion that the rest period was predominantly for the benefit of the employer, is not supported by the finding quoted above. It relies upon Mitchell v. Greinetz, 10 Cir., 1956, 235 F.2d 621, 61 A.L.R.2d 956 and Mitchell v. Turner, 5 Cir., 1960, 286 F.2d 104. Its position is that a Court cannot determine that such a rest period is primarily for the benefit of the employer in a case in which, as here, production did not increase after the initiation of a rest period.

We do not think that either case cited stands for the proposition that appellant asserts. On the contrary, it seems to us clear that in each case the Court felt that the trial court should consider all of the facts in determining whether the rest period was predominantly for the benefit of the employer. The record here shows that the Court did consider all of the facts, and we think its determination, whether it should be considered a conclusion of law or a finding of ultimate fact, is fully supported by the record.

Affirmed.

Cert. denied 374 U.S. 828 (1963)